UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
            :
**MARVIN ODUMS, III,**          :
            :
           Appellant,   :  **MEMORANDUM DECISION**
            :  **AND ORDER**
      – against –      :
            :  20-CV-1100 (AMD)
            :
**WELLS FARGO, N.A.,**         :
            :
           Appellee.   :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* appellant appeals a February 14, 2020 order issued by the United States Bankruptcy Court for the Eastern District of New York denying his motion to reimpose a stay and granting Wells Fargo's motion to quash subpoenas. For the reasons that follow, this appeal is moot and is therefore dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      The appellant is the former owner of the property located at 502 Van Buren Street, Brooklyn, New York 11221. *See In re Odums*, No. 19-40829 (Bankr. E.D.N.Y., filed Feb. 11, 2019), ECF No. 50 at 4, 14-17, 130-39. On March 19, 2018, the Supreme Court of the State of New York, Kings County, entered a judgment of foreclosure and sale of the premises located at 502 Van Buren Street in an action initiated by Wells Fargo against the appellant and others. *See id.*, ECF No. 50 at 130-139.

      On February 11, 2019, the appellant filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. *Id.*, ECF No. 1. Pursuant to 11 U.S.C. § 362(a), the petition operated as a stay with respect to the property located at 502 Van Buren Street. *See id.*, ECF No. 38. On June 8, 2019, upon a motion

filed by Wells Fargo, the bankruptcy court lifted and vacated the automatic stay with respect to the property located at 502 Van Buren Street, pursuant to 11 U.S.C. § 362(d), to permit Wells Fargo to pursue its rights under applicable law with respect to the property. *Id.*, ECF Nos. 17, 38.[1] On August 20, 2019, the appellant filed a notice of voluntary conversion, converting the case to one under Chapter 7. *Id.*, ECF No. 42.

On November 1, 2019, the appellant moved to reimpose the stay. *Id.*, ECF No. 50. He subsequently issued subpoenas to various people, including the CEO of and counsel for Wells Fargo, on November 14, 2019. *Id.*, ECF Nos. 52, 55. On November 20, 2019, he filed an application for an order to show cause seeking a restraining order/delay of sale of the property located at 502 Van Buren Street. *Id.*, ECF No. 57. In his motion, he maintained that his pending motion to reimpose the stay and the subpoenas that he issued would be "undermined" if the sale went forward as scheduled on December 5, 2019. *Id.* The bankruptcy court denied the appellant's request for an order to show cause on December 2, 2019. Two days later, the appellant filed an emergency motion for a temporary restraining order to stop the sale in the United States District Court for the Eastern District of New York, which Judge Roslynn R. Mauskopf denied on December 5, 2019. (*See* ECF No. 4-1 at 40-41); *Odums v. Stumpf*, No. 19-CV-6815 (E.D.N.Y., filed Dec. 2, 2019), ECF No. 5. The sale went forward as scheduled on December 5, 2019. (*See* ECF No. 2 at 5-8 (terms of sale)); *In re Odums*, ECF No. 62 (informing the bankruptcy court that the sale had taken place).

On February 14, 2020, the bankruptcy court issued an order denying the appellant's motion to reimpose a stay and granting Wells Fargo's motion to quash the subpoenas. *In re*

---

[1] Wells Fargo's submission outlined various bankruptcy filings made by the appellant that asserted an interest in the property located at 502 Van Buren Street within the past ten years. *Id.*, ECF No. 17. The appellant opposed the motion. *Id.*, ECF No. 22.

*Odums*, ECF No. 63. The order denied the motion to reimpose the stay "in all respects as moot," and deemed the subpoenas "null and void." *Id.* That order is the subject of this appeal.

On March 10, 2020, the appellee filed a letter informing the Court that the property located at 502 Van Buren Street was sold on December 5, 2019, and that this appeal is therefore moot. (ECF No. 2.) The Court directed the appellant to show cause why this appeal should not be dismissed as moot for lack of subject matter jurisdiction in light of the sale. In a May 26, 2020 submission, the appellant did not dispute that the property was sold, but maintained that this Court has jurisdiction because the bankruptcy court violated his constitutional rights. (ECF No. 4-1.) The appellee filed a response on June 11, 2020. (ECF No. 5.)

**STANDARD OF REVIEW**

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error." *Wenegieme v. Macco*, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)). The district court, however, remains limited by the jurisdictional confines of Article III. *See Gonzalez v. Musso*, No. 08-CV-3026, 2008 WL 3194179, at *1 (E.D.N.Y. Aug. 6, 2008).

## DISCUSSION

"The question of justiciability is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Mata v. Arvest Cent. Mortg. Co.*, No. 19-CV-2846, 2020 WL 1694314, at *4 (E.D.N.Y. Apr. 7, 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The doctrine of mootness is rooted in the "jurisdictional tenet that Federal courts are empowered to hear only live cases and controversies." *In re Delta Air Lines, Inc.*, 386 B.R. 518, 537 (Bankr. S.D.N.Y. 2008) (citation omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "A case is moot when the parties lack a legally cognizable interest in the outcome. In a bankruptcy case, mootness may be based as well on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010) (citations, quotation marks and alterations omitted).

"The law is clear that once a foreclosure sale has taken place, the appeal is moot." *In re Young*, 242 F.3d 369, 2000 WL 1737810, at *1 (2d Cir. 2000) (summary order); *see also In re Abbott*, 447 F. App'x 232, 233-34 (2d Cir. 2011) (summary order) ("[T]he foreclosure sale terminated [the debtor's] interest in her home, defeating the purpose of [her] appeal from the bankruptcy court's denial of her motion to sell her home. In sum, because we could not fashion effective relief even if we were to conclude that [the creditor] lacked standing to seek relief from the automatic stay, [the debtor's] appeal is moot, leaving this court without jurisdiction to give opinions as to matters no longer presenting a case or controversy."); *Mata*, 2020 WL 1694314, at *5 (finding appeal moot because the foreclosure sale of the appellant's property had already taken place); *Squires Motel, LLC v. Gance*, 426 B.R. 29, 33 (N.D.N.Y. 2010) ("[W]here an appellant does not obtain a stay . . . , a subsequent foreclosure of the property at issue leaves the

4

court unable to grant effective relief and consequently renders the appeal moot and subject to dismissal."); *Richmond v. P.B. No. 7, LLC*, No. 14-CV-5957, 2015 WL 805029, at *8 (E.D.N.Y. Feb. 25, 2015) (rejecting the appellant's argument that "a federal appellate court can unwind the sale, taking it out of the hands of a third party and restoring it to [the debtor]") (citations omitted).

There is no dispute that the foreclosure sale of the property took place on December 5, 2019. (*See* ECF No. 2 at 5-8 (terms of sale); ECF No. 4-1 at 1-4 (the appellant does not dispute that the property was sold)); *In re Odums*, ECF No. 62 (informing the bankruptcy court that the sale had taken place). The appellant maintains, however, that the bankruptcy court's order is "void" because it violated his constitutional rights—specifically his due process, equal protection and Seventh Amendment rights. (ECF No. 4-1 at 1-4.) He says that deeming the subpoenas null and void denied him due process under the Constitution, and that the bankruptcy court "lost subject matter jurisdiction" by denying him the "mandatory" information he requested, including Foreign Agent Registration Act forms. (*Id.*) He also says that "all orders by all the courts are void because they all have done nothing more than deprive the appellant of fair and impartial judicial process." (*Id.* at 4.)

The appellant's grievances do not change the fact that the sale of the property renders this appeal moot. *See In re Abbott*, 447 F. App'x at 233-34. The bankruptcy court determined that the appellant's request to reimpose the stay was moot and the subpoenas were null and void because the property was sold. *See In re Odums*, ECF Nos. 62, 63; *Mata*, 2020 WL 1694314, at *5 ("[T]his appeal is moot based on the foreclosure sale having taken place even before the Bankruptcy Court issued its decision."). This Court cannot grant any relief—with respect to the stay or the subpoenas—because the controversy between the appellant and the appellee about the

property is no longer live.  Even if this Court were to find that the appellant was at one point in time entitled to the information sought in the subpoenas—and it is highly doubtful that he would have been[2]—the Court could not provide any relief; the appellant issued the subpoenas to obtain information about the controversy between him and the creditor about the sale of the property, a controversy in which the Court can no longer provide relief.  In sum, the Court has no power to grant any relief.  The subject property has been sold, and the dispute is moot.

## CONCLUSION

For the reasons stated above, this appeal is dismissed for lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                                                 s/Ann M. Donnelly
                                                                                ANN M. DONNELLY
                                                                                United States District Judge

Dated: Brooklyn, New York
         March 10, 2021

---

[2] There is no apparent connection between the bankruptcy and the Foreign Agent Registration Act information on which the appellant focuses.  *See Simon v. Bank of Am., N.A.*, No. 19-CV-3498, 2021 WL 148650, at *8 (E.D.N.Y. Jan. 15, 2021) (describing a grievance that the appellant filed against Bank of America's counsel in the underlying bankruptcy case "for failure to provide copies of the Foreign Agent Registration and an anti-bribery statement" as an "irrelevant," "vexatious and frivolous" filing).